COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued at Richmond, Virginia


HOLLY JAMES-DIETRICH

MEMORANDUM OPINION[*] BY
v.      Record No. 2893-03-2      JUDGE WILLIAM H. HODGES
                                   JUNE 22, 2004
CHARLES P. DIETRICH, JR.


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Horace A. Revercomb, III, Judge

Larry A. Pochucha (Bowen, Champlin, Carr & Rockecharlie, on
brief), for appellant.

No brief or argument for appellee.


Holly James-Dietrich, wife, appeals an order of the trial court denying her motion for entry

of a Qualified Domestic Relations Order (QDRO). On appeal, wife contends: (1) the trial court

lacked jurisdiction to award Charles P. Dietrich, husband, a percentage of her retirement benefits

earned on dates prior to the marriage of the parties and following the separation of the parties; and

(2) an equitable distribution award of a retirement account that is part marital and part separate

property is void *ab initio*. We hold that the trial court did not err by refusing to enter wife's

proffered QDRO and that, pursuant to Rule 1:1, the trial court lacked jurisdiction to consider wife's

untimely challenges to the final order concerning the equitable distribution award.

The parties were married in 1979. Six years prior to the marriage, on October 5, 1973, wife

entered active duty with the United States Marine Corps. In 1980, wife left active duty status and

continued military service as a reservist with the Marine Corps Reserves. The parties separated in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

September 1997.  Wife remained a reservist after the separation, and she will be eligible to receive retirement benefits from the Marine Corps (military retirement benefits) when she reaches age sixty so long as she has achieved twenty years of service.

On January 21, 1999, the trial court entered a divorce decree, reserving several issues, including equitable distribution.  On May 10, 1999, the trial court entered an order addressing equitable distribution and support issues.  The order provided:  "[Husband] shall be entitled to thirty-seven percent of [wife]'s military retirement benefits, as shall be disbursed from DFAS, which shall be evidenced by a Qualified Domestic Relations Order [QDRO]."  The last sentence of the order stated:  "And it is ORDERED that this cause is retained on the docket for the filing of the [QDRO]."  Wife's counsel endorsed the May 10, 1999 order "Seen and objected to," and wife did not appeal the order.

On February 28, 2003, wife filed a notice and motion for the entry of a QDRO in accordance with the May 10, 1999 order.  The trial court held a hearing on the matter on June 2, 2003.  At the hearing, wife requested the court to enter a QDRO stating that husband was entitled to thirty-seven percent of only the marital portion of wife's military retirement benefits -- that which accrued from June 1979 through August 1997.  Husband opposed the entry of wife's proposed QDRO, arguing that it would modify the May 10, 1999 equitable distribution order. Husband argued the May 10, 1999 order provided that he was entitled to thirty-seven percent of wife's total military retirement, not just thirty-seven percent of the benefits accrued during the marriage.

The trial court issued an opinion letter on August 4, 2003.  The court ruled that the May 10, 1999 equitable distribution order expressly retained authority and jurisdiction for the court to enter a QDRO.  However, for the reasons asserted by husband, the court found that the

entry of the proposed QDRO would impermissibly modify the provision of the May 10, 1999 order regarding husband's interest in wife's military retirement pension. Therefore, the court refused to enter wife's proposed QDRO. Wife appealed that decision to this Court.

Rule 1:1 reads in pertinent part: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." "'A final order is one which disposes of the whole subject, gives all the relief contemplated, . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) (citations omitted). The May 10, 1999 order was a final order, and wife did not appeal that order. Indeed, wife's counsel endorsed the order with only the general objection "Seen and objected to."

The May 10, 1999 order clearly stated that husband is entitled to "thirty-seven percent of [wife]'s military retirement benefits" and wife did not timely challenge that provision. See Rule 1:1. Furthermore, the language of wife's proposed QDRO would have modified the substantive terms of the final decree by stating that husband was entitled to thirty-seven percent of only the marital portion of wife's military retirement benefits. However, "no statute authorize[d] the trial court to modify the final decree, [and] Rule 1:1 prohibit[ed] the court from modifying the final decree in this manner." Caudle v. Caudle, 18 Va. App. 795, 796, 447 S.E.2d 247, 249 (1994).

> Under Rule 1:1, courts ordinarily lose jurisdiction twenty-one days after entry of a decree, but when qualifying or maintaining a qualified domestic relations order, courts may "[m]odify any order . . . intended to . . . divide any pension [plan] . . . to revise or conform its terms so as to effectuate the expressed intent of the order." Code § 20-107.3(K)(4). Such modification, however, must be "consistent with the substantive provisions of the original decree" and not "simply to adjust its terms in light of the parties' changed circumstances."

<u>Williams v. Williams</u>, 32 Va. App. 72, 75, 526 S.E.2d 301, 303 (2000) (certain citations omitted). Because wife's proposed QDRO was not consistent with the terms of the May 10, 1999 order, we affirm the trial court's decision refusing to enter the QDRO.

In addition, the specific issues wife raises in this appeal concerning the award of that portion of her military retirement benefits which accrued both prior to and after the marriage are essentially challenges to the May 10, 1999 order. The trial court lacked jurisdiction to consider those untimely arguments at the June 2003 hearing regarding the entry of the QDRO. <u>See</u> Rule 1:1.

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>